**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RICARDO FALCON, #1321056,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-2331-L** |
| | ) | **ECF** |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a *pro se* petition for habeas corpus relief brought by a state prisoner pursuant to 28 U.S.C. § 2254.[1]

Parties:  Petitioner is currently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID).  Respondent is the Director of TDCJ-CID. The Court did not issue process to Respondent pending preliminary screening.

Statement of the Case:  Petitioner pleaded guilty to three robbery offenses and true to one enhancement paragraph in the 292nd Judicial District Court of Dallas County, Texas, in cause

---

[1]   Petitioner initially filed this action in the San Angelo Division, which in turn transferred it to this Court in the Dallas Division.  Petitioner subsequently paid the $5 filing fee as directed by this Court.

numbers F04-53106, F04-53108, F04-53109.  Punishment was assessed at thirty years

imprisonment.  (Petition (Pet.) at 2).  The court of appeals dismissed his direct appeals for want

of jurisdiction because the notices of appeal were untimely filed.  *See Falcon v. State*, No. 05-05-

01184-CR, 05-05-01185-CR, and 05-05-01186-CR (Tex. App. – Dallas Aug. 18, 2005, no pet.),

http://www.courtstuff.com/FILES/05/05/05051184.HTM.  While Petitioner was granted an

extension until about March 2, 2006, to file a petition for discretionary review, he failed to do so.

*Id.*

Thereafter, Petitioner filed this federal petition on December 13, 2006.[2]

Findings and Conclusions:   This action is governed by the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), which provides in pertinent part that a state prisoner must

exhaust all available state court remedies before a federal court will consider the merits of his

claims.  28 U.S.C. § 2254(b) and (c) (West 2007); *Rhines v. Weber*, 544 U.S. 269, 274 (2005).

The exhaustion requirement is designed to "protect the state court's role in the enforcement of

federal law and prevent the disruption of state judicial proceedings."  *Rose v. Lundy*, 455 U.S.

509, 518 (1982); *see also Rhines*, 544 U.S. at 274.  Exhaustion of state court remedies "is

satisfied when the substance of the federal habeas claim has been fairly presented to the highest

state court."  *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179

F.3d 271, 275 (5th Cir. 1999)).  A Texas prisoner may satisfy that requirement by presenting

--------

[2]        Pursuant to *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998), a federal petition
is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison
officials for mailing.  Here Petitioner failed to sign the petition on the designated line on page 9
of the federal petition.  He did, however, print his name and list his address in the section labeled
"Petitioner's current address."  (Pet. at 9).  Therefore, absent additional information, the Court is
bound by the filing date of December 13, 2006.

both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

A review of the petition reflects that Petitioner has not satisfied the exhaustion requirement. It appears that he filed neither a petition for discretionary review nor an art. 11.07 application. The Texas Court of Criminal Appeals has, thus, not had an opportunity to consider the merits of Petitioner's claims. Accordingly, the petition for a writ of habeas corpus should be dismissed without prejudice for failure to exhaust state court remedies.[3]

---

[3] The Court has reviewed the on-line records of the Dallas County District Court and the Texas Court of Criminal Appeals to confirm that Petitioner filed neither a petition for discretionary review nor an art. 11.07 application with respect to the convictions at issue in this case.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus

be dismissed without prejudice for failure to exhaust state court remedies, see 28 U.S.C. §

2254(b) and (c).[4]

A copy of this recommendation shall be mailed to Petitioner.

Signed this 24th day of January, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that
you must file your written objections within ten days after being served with a copy of this
recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir.
1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and
conclusions of law within such ten day period may bar a *de novo* determination by the district
judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds
of plain error, from attacking on appeal the unobjected to proposed findings of fact and
conclusions of law accepted by the district court.

---

[4]     The Court cautions Petitioner that the 1996 amendment to the habeas corpus
statute imposes a one-year statute of limitations for filing habeas corpus petitions in federal
court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this and any subsequent
petition that Petitioner may file in this court.  Thus, Petitioner should act diligently and
expediently in seeking habeas corpus relief in both state and federal court.